```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

John A. Johnson,                   :

        Plaintiff,         :    Case No. 2:15-cv-707

    v.                            :    JUDGE EDMUND A. SARGUS, JR.
                                     Magistrate Judge Kemp
Ohio State Supreme Court Clerk,    :

        Defendant.         :

# REPORT AND RECOMMENDATION

Plaintiff, John A. Johnson, a state prisoner proceeding pro se, filed this action against the Ohio Supreme Court Clerk and sought leave to proceed in forma pauperis. On April 7, 2015, the Court granted the motion for leave to proceed in forma pauperis. This matter is before the Court for an initial screening pursuant to 28 U.S.C. §1915A. For the following reasons, it will be recommended that the case be dismissed for failure to state a claim upon which relief may be granted.

I.

28 U.S.C. §1915(e)(2) provides that in proceedings in forma pauperis, "the court shall dismiss the case at any time if ... (B) the action ... is frivolous or malicious [or] fails to state a claim on which relief can be granted...." 28 U.S.C. §1915A further provides that in any prisoner case, the Court shall dismiss the complaint or any portion of it if, upon an initial screening, it appears that the complaint fails to state a claim upon which relief can be granted or seeks monetary damages from a defendant who is immune from suit. The purpose of these statutory sections is to prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved. See Neitzke v. Williams, 490 U.S.

319, 109 S. Ct. 1827, 104 L. Ed.2d 338 (1989).  A complaint may be dismissed as frivolous only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact.  See id. at 325.  Claims which lack such a basis include those for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which does not exist, see id. at 327-28, and "claims describing fantastic or delusional scenarios, claims with which federal judges are all too familiar."  Id. at 328; see also Denton v. Hernandez, 504 U.S. 25, 112 S. Ct. 1728, 118 L. Ed.2d 340 (1992).  A complaint may not be dismissed for failure to state a claim upon which relief can be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed.2d 929 (2007).  Claims against defendants who are immune from suits for money damages, such as judges or prosecutors acting within their judicial or prosecutorial capacity, are also within the ambit of §1915A.  Pro se complaints are to be construed liberally in favor of the pro se party.  See Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed.2d 652 (1972).  It is with these standards in mind that Mr. Johnson's claim will be considered.

II.

Mr. Johnson has filed a "motion for 28 USC 1651 mandamus, all writs act & motion for 28 USC 2201 declaratory judgment & motion for 28 USC 2202 injunctive relief." (Doc. 5).  The motion relates to Mr. Johnson's conviction following a jury trial in Cuyahoga County, Ohio in 1976, for he was sentenced to death in the electric chair pursuant to Ohio's death penalty statute.  Following Mr. Johnson's conviction, the United States Supreme Court decided Lockett v. Ohio, 98 S. Ct. 2954 (1978) and Bell v. Ohio, 98 S. Ct. 2977 (1978), wherein it determined that Ohio's

death penalty statute was in violation of the Eighth and Fourteenth Amendments to the United States Constitution. Following those decisions, the Ohio Supreme Court issued an entry on August 16, 1978 which modified the death sentences of Mr. Johnson and other defendants, reducing those sentences to life imprisonment.  Id., Ex. 5.  The entry further ordered that:

> the Clerk of [the Ohio Supreme] Court issue a certified copy of the entry to the Superintendent of the Southern Ohio Correction Facility who shall acknowledge receipt thereof, and to the Clerks of the Court of Common Pleas of the Counties named herein.

Id., Ex. 5 at 1.  Mr. Johnson interprets that entry as requiring acknowledgment of receipt from the Clerk of the Court of Common Pleas for Cuyahoga County, Ohio.

In this case, Mr. Johnson claims that he is being "held illegally in prison" because he has been unable to obtain any "acknowledgment of receipt of the Entry Order ... that the Clerk was to send to the lower court in Cuyahoga County and then receive back acknowledgment of receipt from said same court." Id. at 2.  Mr. Johnson states the Ohio Supreme Court Clerk has been unable to locate any acknowledgment of receipt from the Cuyahoga Court of Common Pleas, and he attaches a letter from the Ohio Supreme Court Clerk's Office to that end.  In the letter, the Clerk's Office interprets the entry differently than Mr. Johnson, explaining that "acknowledgment of receipt of the entry was directed only toward the Superintendent."  Id., Ex. 6.

Mr. Johnson also requested that the Cuyahoga County of Common Pleas Clerk send him a certified copy of the "receipt that they (Clerk of Common Pleas) sent to the Clerk of the Ohio State Supreme Court of [sic] August 16, 1978."  Id. at 3.  The Cuyahoga County Clerk's Office responded that no record had been found and stated:

> THE CLERKS OFFICE DOES NO [SIC] SHOW A RECORD OF

>    RECEIVING THE JOURNAL ENTRY REQUESRED [SIC] OF AUGUST 16,
>    1978, AND IT WAS NOT AN ERROR OF THE CLERK IN 1975.  THIS
>    IS THE REASON WE CANNOT PROVIDE YOU WITH THAT OF [SIC]
>    AUGUST 16, 1978 JOURNAL ENTRY.

Id., Ex. 7.  Mr. Johnson asserts that this, and other evidence, demonstrates that his "original sentence of death by way of electrocution imposed upon him on May 20, 1976 by way of Journal Entry Order of Commitment, is still his sentence...."  Id. at 3. In other words, Mr. Johnson contends that he "still remains sentenced to death by electrocution."  Id. at 4.

In the "cause of action" section of his motion, Mr. Johnson "requests that this Honorable Court issue a Mandamus in [sic] [his] behalf against the State of Ohio Supreme Court Clerk...." Id. at 6.  More specifically, Mr. Johnson asserts that:

>    It became the ministerial duty of the Ohio State Supreme
>    Court Clerk and the Cuyahoga County Court of Common Pleas
>    Clerk of Court to make sure that not only was
>    petitioner's Appearance Docket Sheet reflecting the truth
>    as to the change in sentence, and docketed, but also that
>    petitioner's Journal Entry Order of Commitment filed and
>    certified with the court reflected the truth as well.
>    That truth being what the United States Supreme Court and
>    the Ohio State Supreme Court ruled in August 1978 for
>    petitioner's Case No. CR-023071-ZA.  This would have
>    insured that petitioner would have received a final,
>    appealable order for a newly imposed change of sentence
>    and crime.  However, the lower court's Docket Entries as
>    well as Journal Entries for Case No. CR-023071-ZA do not
>    reflect that this change ever took place.  Petitioner's
>    only remedy is the granting of the Writ of Mandamus to
>    compel a final, appealable Order.

Id. at 6-7.  Thus, Petitioner seeks a writ of mandamus based upon his position that the sentence which he is currently serving is illegal.

### III.

Mr. Johnson cites to 28 U.S.C. §1651 as the authority for bringing his case in this Court.  Pursuant to 28 U.S.C. §1651, federal courts "may issue all writs necessary or appropriate in

-4-

aid of their respective jurisdictions, including writs in the nature of mandamus." Haggard v. State of Tenn., 421 F.2d 1384, 1385 (6th Cir. 1970). However, "federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties." Sekya v. Corrigan, 46 Fed. Appx. 260, 261 (6th Cir. Aug. 27, 2002) (quoting Haggard, 421 Fed. Appx. at 1386); see also Woods v. Weaver, 13 Fed. Appx. 304, 306 (6th Cir. 2001)(denying an inmate a writ of mandamus to compel the state court to rule on the merits of his motion because federal courts lack such authority).

Here, Mr. Johnson requests that this Court issue a writ ordering the Ohio Supreme Court Clerk to take action. As noted above, this Court does not have jurisdiction to issue such a writ. Accordingly, Mr. Johnson fails to state a claim on which relief can be granted.

IV.

For the foregoing reasons, the Court recommends that this case be dismissed pursuant to 28 U.S.C. §1915A(b)(1). It is further recommended that if this recommendation is adopted, a copy of Mr. Johnson's motion, this Report and Recommendation, and the dismissal order be mailed to the defendant.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge