## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

JOHN A. JOHNSON,

                    Plaintiff,                       **Case No. 2:15-CV-707**

       v.                                **CHIEF JUDGE EDMUND A. SARGUS, JR.**
                                          **Magistrate Judge Terence P. Kemp**

**OHIO STATE SUPREME COURT
CLERK,**

                    Defendant.

### OPINION AND ORDER

This matter is before the Court on Plaintiff John A. Johnson's ("Plaintiff") Response [ECF No. 7] to the Magistrate Judge's Report and Recommendation.[1] For the following reasons, the Court **ADOPTS** the Report and Recommendation [ECF No. 6] and thus **DENIES** Plaintiff's Motion [ECF No. 5] and **DISMISSES** Plaintiff's case.

### I.    BACKGROUND

On April 7, 2015, Plaintiff filed a Motion for Mandamus, Declaratory Judgment, and Injunctive Relief (the "Motion") [ECF No. 5].[2] Plaintiff's Motion relates to his 1976 conviction in Cuyahoga County, Ohio, for murder. (Mot. at 1.) Plaintiff was sentenced to death. (*Id.*) However, after Plaintiff's conviction, the United States Supreme Court decided two (2) cases in which it determined that Ohio's death penalty statute violated the Eighth and Fourteenth Amendments to the United States Constitution. *See generally Lockett v. Ohio*, 98 S. Ct. 2954 (1978); *Bell v. Ohio*, 98 S. Ct. 2977 (1978). In response to those decisions, the Ohio Supreme Court issued an Entry on August 16, 1978 (the "1978 Entry") modifying Plaintiff's death

---

[1] The Court construes Plaintiff's Response as an Objection to the Report and Recommendation.
[2] Plaintiff did not file a Complaint; rather, he filed a Motion for Leave to Proceed *in forma pauperis*. He then filed his Motion.

sentence to a sentence of life imprisonment. (*See* Mot., Ex. 5.) The Entry also ordered "that the Clerk of [the Ohio Supreme Court] issue a certified copy of this entry to the Superintendent of the Southern Ohio Correction Facility who shall acknowledge receipt thereof, and to the Clerks of the Courts of Common Pleas of the Counties named herein." (*Id.*)

In his Motion, Plaintiff contends that the Cuyahoga County Clerk of Courts never received the Ohio Supreme Court's Entry. (*See id.*, Ex. 7.) Plaintiff further contends that the Clerk of the Ohio Supreme Court was "unable to locate any acknowledgement of receipt from the lower court of common pleas." (*Id.* at 3 (emphasis deleted).) Because Plaintiff has been unable to track down an acknowledgement of receipt regarding the Entry, and because Plaintiff's "Journal Entry Order of Commitment" ( the "Entry of Commitment") and "Court Appearance Docket Sheet" (the "Docket Sheet") do not reflect any changes to his original sentence, Plaintiff insists that he is still sentenced to death, in violation of the United States Constitution. (*Id.* at 3– 4.) Plaintiff's non-updated Entry of Commitment and Docket Sheet have allegedly left him without a "[f]inal, [a]ppealable [o]rder on file" with the Cuyahoga County Clerk of Courts regarding his sentence. (*Id.* at 7.)

Despite the fact that Plaintiff requested a writ of mandamus, declaratory judgment, and injunctive relief in his Motion, each of Plaintiff's requests seek the same remedy: a writ ordering the Clerk of the Ohio Supreme Court and the Cuyahoga County Clerk of Courts to update Plaintiff's Docket Sheet and Entry of Commitment so that those documents indicate that a final, appealable order has been issued regarding Plaintiff's sentence. (*See* Mot. at 6–8; *see also* Reply

2

at 8.)[3] Plaintiff also requests the appointment of counsel "on his Appeal as of Right." (Mot. at 8.)[4]

Pursuant to 28 U.S.C. § 1915A, the Magistrate Judge completed an initial screening of Plaintiff's Motion.[5] In his June 3, 2015 Report and Recommendation, the Magistrate Judge recommended that the Court dismiss Plaintiff's case because Plaintiff fails to state a claim upon which relief can be granted. (*See* Report & Recommendation at 1.) As the Magistrate Judge explained, federal courts do not have the authority to grant the relief that Plaintiff requests:

> [Plaintiff] cites to 28 U.S.C. § 1651 as the authority for bringing his case in this Court. Pursuant to 28 U.S.C. § 1651, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions, including writs in the nature of mandamus." *Haggard v. State of Tenn.*, 421 F.2d 1384, 1385 (6th Cir. 1970). **However, "federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties."** *Sekya v. Corrigan*, 46 Fed. Appx. 260, 261 (6th Cir. Aug. 27, 2002) (quoting *Haggard*, 421 Fed. Appx. at 1386); *see also Woods v. Weaver*, 13 Fed. Appx. 304, 306 (6th Cir. 2001) (denying an inmate a writ of mandamus to compel the state court to rule on the merits of his motion because federal courts lack such authority).

(Report & Recommendation at 5 (emphasis added).)

Plaintiff filed a Response to the Report and Recommendation on June 16. In his Response, Plaintiff outlines six (6) objections. Plaintiff argues that the Magistrate Judge erred in overlooking the "collateral attack" doctrine, under which "a federal court 'may entertain a collateral attack on a state court judgment which is alleged to have been procured through fraud, deception, accident, or mistake.'" (Reply at 2 (quoting *Resolute Ins. Co. v. North Carolina*, 397

---

[3] Plaintiff also seems to request that the writ of mandamus declare that he is "being held illegally in prison" as a result of his Docket Sheet and Entry of Commitment containing an unconstitutional death sentence. (*See* Mot. at 2, 7.)

[4] The Court assumes that Plaintiff is requesting counsel to assist him in the current case before the Court. (*See* Motion for Leave to Proceed *in forma pauperis* at 1 [ECF No. 1] (requesting, among other relief, "appointment of counsel to assist in the litigation of this legal proceeding").)

[5] Under 28 U.S.C. §§ 1915(e)(2) (dealing with proceedings *in forma pauperis*) and 1915A (dealing with prisoner suits), a court must dismiss a plaintiff's case if the action is frivolous, malicious, or fails to state a claim upon which relief may be granted.

F.2d 586, 589 (4th Cir. 1968)).) Plaintiff argues that the Magistrate Judge should have permitted a "collateral attack" on the Ohio Supreme Court Clerk's "mistake, fraud, [or] misstatement" in neglecting to file or update journal entries, which resulted in Plaintiff being "arbitrarily denied an appeal of right through a final, appealable order." (*See id.*) The Magistrate Judge allegedly erred in failing to recognize that the Ohio Supreme Court's actions have effectively made Plaintiff's sentence "non-final and non-appealable." (*See id.*) The Magistrate Judge allegedly erred "by not recognizing that Plaintiff has a Constitutional right to effective assistance to counsel where Plaintiff[']s direct appeal was not finalized." (*Id.*) The Magistrate Judge allegedly erred "when he failed to recognize that the trial court failed to provide different counsel on appeal than in the trial court." (*Id.* at 3.) And the Magistrate Judge allegedly erred "by not entertaining any other reversible error due to Plaintiff[']s pro se status and his not having counsel[']s guiding hand on his direct appeal." (*Id.*)

## II.   LEGAL STANDARD

When reviewing objections to a Report and Recommendation, the Court makes "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

Plaintiff filed his Motion without the assistance of counsel. The Court liberally construes a pro se litigant's pleadings; those pleadings are held to a less stringent standard than are formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "This standard does not mean, however, that pro se plaintiffs are entitled to take every case to trial." *Ashiegbu v. Purviance*, 74 F. Supp. 2d 740, 746 (S.D. Ohio 1998) (citing *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)). "Indeed, courts should not assume the role of advocate for [a] pro se litigant." *Id.*

4

### III.  DISCUSSION

After reviewing Plaintiff's Motion and Response, the Court concurs with the Magistrate Judge that Plaintiff has failed to state a claim. Plaintiff seeks a writ of mandamus directing the Clerk of the Ohio Supreme Court to "compel a final, appealable [o]rder." (*See* Mot. at 6–8.) But this Court does not have the authority to issue such a writ. *See Sekya*, 46 F. App'x at 261. None of Plaintiff's objections alter this conclusion.

Plaintiff's "collateral attack" argument also fails. The Sixth Circuit has recognized that federal courts "'may entertain a collateral attack on a state court judgment which is alleged to have been procured through fraud, deception, accident, or mistake.'" *Int'l Christian Music Ministry Inc. v. Ocwen Fed. Bank, FSB*, 289 F. App'x 63, 65 (6th Cir. 2008) (quoting *Resolute Ins.*, 397 F.2d at 589). But the collateral attack doctrine applies to "situations involving 'the improper *procurement* of [a] judgment, i.e., whe[re] [the state-court winner] deceived the Court into a wrong decree.'" *Id.* (quoting *West v. Evergreen Highlands Ass'n*, 213 F. App'x 670, 674 (10th Cir. 2007)). "It does not extend to situations where . . . a state-court loser merely complains that the state court erred." *Id.* Here, Plaintiff does not challenge a state-court judgment. Instead, Plaintiff requests a writ directing a state court to undertake a ministerial action (i.e., update Plaintiff's Docket Sheet and Entry of Commitment). And even if Plaintiff's Motion could be construed as a challenge to the Ohio Supreme Court's 1978 Entry, Plaintiff would still fail to properly invoke the collateral attack doctrine. Plaintiff does not allege that the 1978 Entry was improperly procured or that the Ohio Supreme Court was deceived into modifying Plaintiff's sentence. Plaintiff simply offers a conclusory allegation—regarding the execution rather than the procurement of the Entry—that "it was indeed deception, fraud, or at the very least mistake on the Ohio Supreme Court Clerk of Court to not carry out the full [o]rder and mandate listed on the

[1978] Entry." (Resp. at 4 [ECF No. 7] (emphasis deleted).) Plaintiff cannot collaterally attack the 1978 Entry. Nor can Plaintiff use a collateral attack as a substitute for a writ of mandamus.

Given that Plaintiff has failed to state a claim, the Court does not need to consider Plaintiff's request for the appointment of counsel.

## IV. CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation [ECF No. 6] and thus **DENIES** Plaintiff's Motion [ECF No. 5] and **DISMISSES** Plaintiff's case.

Additionally, upon the recommendation of the Magistrate Judge, the Court **ORDERS** that copies of Plaintiff's Motion [ECF No. 5], the Report and Recommendation [ECF No. 6], and this Order be mailed to Defendant.

**IT IS SO ORDERED.**

9-24-2015
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**

6